**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| WILBERTO VALLECILLA GAMBOA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:24-cv-02625-MSN-cgc |
| v. | ) | |
| | ) | |
| WARDEN HARRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING § 2241 PETITION, DENYING MOTION FOR EXPEDITED JUDGMENT FOR IMMEDIATE RELEASE TO ALLOW FOR DEPORTATION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1,"§ 2241 Petition") filed by Petitioner Wilberto Vallecilla Gamboa, Bureau of Prisons ("BOP") register number 17862-104, who is currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. Respondent Warden Harrison has filed a Motion to Dismiss. (ECF No. 13.) Gamboa subsequently filed a Motion for Transfer, Extension of Time, and Expedited Judgment (ECF No. 15) and a Motion for Expedited Judgment for Immediate Release to Allow for Deportation (ECF No. 16). On May 22, 2026, the Court granted Gamboa's Motion for an Extension of Time to respond to the Motion to Dismiss, denied the Motion for Expedited Judgment (ECF No. 15) as premature, and denied the Motion for Transfer to the extent Gamboa requested that this Court allow the Department of Homeland Security ("DHS") to deport him. (ECF No. 18.) Despite receiving an extension of time, Gamboa did not file a response to the Motion to Dismiss. For the following reasons, Warden Harrison's Motion to Dismiss (ECF No.

13) is **GRANTED**, the § 2241 Petition is **DISMISSED**, and Gamboa's Motion for Expedited Judgment for Immediate Release to Allow for Deportation (ECF No. 16) is **DENIED**.

## BACKGROUND

Gamboa is serving a 108-month sentence imposed by the United States District Court for the Southern District of Florida after pleading guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b), and one count of conspiracy to operate and embark on a semi-submersible without nationality, in violation of 18 U.S.C. § 2285(a). (ECF No. 13-3 at PageID 31.) As part of the criminal judgment, that court included an additional standard condition of supervision that Gamboa "[s]urrender[] to [i]mmigration for [r]emoval [a]fter [i]mprisonment." (*Id.* at PageID 34.) On December 9, 2018, DHS placed a detainer on Gamboa based on a final order of removal entered against him. (ECF No. 13-4.)

## THE HABEAS PROCEEDINGS

Gamboa filed his § 2241 Petition in the Southern District of Florida on September 3, 2024. (ECF No. 1.) That court transferred the matter to this Court for further proceedings on September 6, 2024. (ECF No. 3.)

Gamboa challenges the BOP's decision to not apply his earned First Step Act ("FSA") credits to his sentence. (ECF No 1 at PageID 6–7.) According to Gamboa, "[c]ourts have held that the BOP [cannot] exclude prisoner[s] with immigration detainers from using" earned time credits. (*Id.* at PageID 6.) Gamboa argues that his "FSA time credits should be applied and only discontinued from earnings after [he] was deemed ineligible." (*Id.* at PageID 7.) Gamboa seeks a "declaratory statement stating that [his] FSA earned 365 days be credited to [his] projected release date." (*Id.* at PageID 8.)

Warden Harrison moves to dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 13 at PageID 18–19.) Warden Harrison supports his motion with a Declaration from Robin Eads, a Paralegal for the BOP with access to official records for BOP inmates, including Gamboa's SENTRY Public Information Inmate Data Sheet, a copy of the judgment from Gamboa's criminal case, the DHS detainer placed against Gamboa, Gamboa's SENTRY Administrative Remedy Report, and Gamboa's SENTRY Inmate History First Step. (ECF Nos. 13-1, 13-2, 13-3, 13-4, 13-5, & 13-6.) Warden Harrison argues the Court should dismiss Gamboa's § 2241 Petition because (1) the Court lacks jurisdiction to review BOP discretionary decisions, including decisions regarding allocations of FSA credits; (2) Gamboa is statutorily ineligible for FSA time credits because he is subject to a final order of removal; and (3) this Court cannot review a challenge to Gamboa's immigration detainer. (ECF No. 13 at PageID 20–23.)

## ANALYSIS

Pursuant to 28 U.S.C. § 2241, this Court is authorized to issue writs of habeas corpus on behalf of prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."

### A. Gamboa's Statutory Ineligibility for FSA Credits

The FSA allows eligible federal prisoners to earn time credits towards pre-release custody or supervised release for successfully completing "evidence-based recidivism reduction programming or productive activities." *See* 18 U.S.C. § 3632(d)(4). Relevant here, the FSA excludes a prisoner from earning time credits "if the prisoner is the subject of a final order of removal under any provision of the immigration laws." *See id.* § 3632(d)(4)(E)(i).

Here, DHS lodged a detainer against Gamboa on December 9, 2018. (ECF No. 13-4 at PageID 38.) The detainer is based on a final order of removal entered against Gamboa. (*Id.*) In his Motion for Expedited Judgment for Immediate Release to Allow for Deportation (ECF No. 16), Gamboa contends that "there currently exists NO Final Order of Deportation issued or signed by an immigration judge." (ECF No. 16 at PageID 56.) Instead, he argues, DHS issued a "Final Administrative Order" that is "NOT binding per the applicable statute 18 U.S.C. § 3632." (*Id.* at PageID 57.)

The Court presumes that the "Final Administrative Order" Gamboa references is a Final Administrative Deportation Order. The immigration statutes provide for expedited removal proceedings for aliens who are convicted of committing aggravated felonies. *See generally* 8 U.S.C. § 1228. Controlled substances offenses are aggravated felonies for purposes of these proceedings. *See* 8 U.S.C. § 1227(a)(2)(B). As set forth above, Gamboa was convicted of a controlled substances offense. Aliens "convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States." *See* 8 U.S.C. § 1228(c). For those aliens convicted of aggravated felonies who are placed in expedited removal proceedings, it is not required for the final order of removal to be signed by an immigration judge. *See* 8 C.F.R. § 238.1. Instead, the Final Administrative Deportation Order may be issued by a "deciding Service Officer." *See id.* § 238.1(b), (d). A "deciding Service Officer" may include several immigration officials other than an immigration judge. *See id.* § 238.1(a).

Despite Gamboa's argument, 18 U.S.C. § 3632(d)(4)(E)(i) does not contain any language excepting aliens subject to Final Administrative Deportation Orders—indeed, it contains the opposite, i.e., language positively excluding aliens subject to such orders. In any event, that statute provides no provision for litigating any alleged improprieties regarding a final order of removal.

As set forth above, Gamboa's final order of removal need not be signed by an immigration judge to be valid. Accordingly, Gamboa's suggestion that he has not yet seen an immigration judge does not entitle him to relief.

In his § 2241 Petition, Gamboa suggests that the FSA credits he earned before he was deemed ineligible should be credited and render him eligible for early release. (ECF No. 1 at PageID 7.) Warden Harrison acknowledges that the BOP marked Gamboa eligible to receive FSA credits on or about December 5, 2019, and marked him ineligible on February 15, 2024, because of the final deportation order. (ECF No. 13-6 at PageID 45–46.) "The fact that [Gamboa] earned FSA credits towards his early release before the final removal order was entered against him does not alter the result." *United States v. Al-Hakiem*, No. 22-20626, 2025 WL 1361467, at *3 (E.D. Mich. May 9, 2025). Section 3632(d)(4)(E)(i) "makes no exception for credits earned before the entry of a final removal order." *Id.* (citation omitted); *see also Batioja Cuero v. Warden, FCI Berlin*, 748 F. Supp. 3d 58, 66–67 (D.N.H. 2024) (concluding that the petitioner "was not so much deprived of credits he had already earned, as he was simply rendered ineligible to apply them to his sentence").

Based on the plain language of § 3632(d)(4)(E)(i), Gamboa is ineligible to earn FSA time credits because he is subject to a final order of removal. *See Nycklass v. Healy*, No. 4:23-CV-2166, 2024 WL 1054408, at *2 (N.D. Ohio Feb. 15, 2024) (denying § 2241 petition challenging denial of earned time credits under the FSA because the petitioner was subject to a final order of removal). Accordingly, Gamboa is not entitled to the relief he seeks under § 2241.[1]

---

[1] Because the Court concludes that Gamboa is statutorily ineligible to earn FSA time credits, the Court declines to consider Warden Harrison's jurisdictional argument.

**B. Challenge to Immigration Detainer**

Finally, to the extent Gamboa challenges the detainer placed against him by DHS, this Court lacks jurisdiction over such a challenge. The Sixth Circuit has concluded that a district court lacks jurisdiction over a habeas petitioner's challenge to an immigration detainer when the petitioner is still in BOP custody. *See Prieto v. Gluch*, 913 F.2d 1159, 1162–63 (6th Cir. 1990); *Garcia-Echaverria v. United States*, 376 F.3d 507, 510–11 (6th Cir. 2004) (explaining that " an alien is not 'in custody' for removal purposes if he is detained pursuant to a sentence for a criminal conviction, even if [ICE] has filed a detainer order with the prison where the petitioner is incarcerated"); *see also James v. Dist. Att'y York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (concluding that "an immigration detainer, which simply gives a prison notice that [Immigration and Customs Enforcement ("ICE")] is interested in the prisoner, is not sufficient to establish 'custody' for purposes of § 2241"); *Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005) (noting that a prisoner serving a federal sentence is not "in custody" for purposes of a § 2241 petitioner challenging an ICE detainer merely because such a detainer has been lodged). For these reasons, the Court may not consider any challenge by Gamboa to the DHS detainer lodged against him.

For the reasons set forth above, Gamboa is not entitled to relief under § 2241. Accordingly, Warden Harrison's Motion to Dismiss (ECF No. 13) is **GRANTED**, and Gamboa's § 2241 Petition (ECF No. 1) is **DISMISSED**. Because Gamboa is not entitled to relief under § 2241, his Motion for Expedited Judgment for Immediate Release to Allow for Deportation (ECF No. 16) is **DENIED**. Judgment shall be entered for Respondent Warden Harrison.

**APPELLATE ISSUES**

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United States*,

355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Gamboa leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 21st day of August, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE